# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

MARGARET A. HUGHES,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

Case No. 2:12-cv-01787-JCM-CWH

**FINDINGS AND RECOMMENDATION**

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Margaret A. Hughes' application for disability insurance benefits pursuant to Title II of the Social Security Act. 42 U.S.C. Ch. 7. Before the Court is Plaintiff's Motion for Reversal and/or Remand (#14)[1], filed on April 8, 2013, and the Commissioner's Opposition and Cross-Motion to Affirm (#15), filed on May 8, 2013. The Court also considered Plaintiff's Reply (#16), filed on May 28, 2013. This action was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(c) and Local Rule IB 1-4.

## BACKGROUND

### I. Procedural History

On March 30, 2009, Plaintiff protectively filed an application for a period of disability and disability insurance benefits alleging she became disabled on October 1, 2008. (A.R. 124).[2] Her claim was denied initially on September 1, 2009 and upon reconsideration on February 11, 2010. (A.R. 55-60). On March 14, 2011, Plaintiff and her representative appeared for a hearing before Administrative Law Judge ("ALJ") Craig Ellis. (A.R. 26-54). On May 6, 2011, the ALJ issued an unfavorable decision finding that Plaintiff has not been under a disability, as defined in the Social Security Act,

---

[1] Refers to the Court's docket number.

[2] A.R. refers to the Administrative Record in this matter. *See* Notice of Manual Filing (#10).

from October 1, 2008 through the date of his decision. (A.R. 10-25). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on July 21, 2012. (A.R. 3-8). On October 11, 2012 Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Compl. (#1).

## II.     The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520(a) and issued an unfavorable decision on May 6, 2011. (A.R. 10-25). The ALJ found that Plaintiff has insured status through December 31, 2013. (A.R. 13 and 119). At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 1, 2008, the alleged onset date.[3] (A.R. 15, Finding 1). At step two, the ALJ found that Plaintiff has severe medically determinable impairments of seizures and fibromyalgia and non-severe mental impairments of hypoglycemia, depression, and personality disorder. (A.R. 15-16). In finding the mental impairments non-severe, the ALJ made paragraph B criteria findings of mild limitation in activities of daily living, mild limitation in social functioning, no limitation in concentration, persistence, and pace, and no episodes of decompensation. (A.R. 16). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526). (A.R. 17, Finding 3). In making this finding, the ALJ specifically considered Listings 11.02 and 11.03.

Continuing with the sequential evaluation process, the ALJ found that Plaintiff is capable of performing a residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R 404.1567(b) with typical seizure restrictions.[4] (A.R. 17, Finding 5). Specifically, the ALJ found that Plaintiff has the residual capacity to lift and carry a maximum of 20 pounds occasionally and 10 pounds frequently; to stand and/or walk for a total of 6 hours in an 8-hour work day; to sit for about 6

---

[3] The ALJ noted that Plaintiff indicated she could work until October 28, 2008 so the alleged onset date may have been amended.

[4] Although the RFC findings states that Plaintiff can perform the full range of light work, the ALJ further specifies non-exertional restrictions that effectively transform the RFC into a reduced range of light work.

2

hours in an 8-hour work day[5]; and to push and/or pull (including operation of hand and/or foot controls) in an unlimited manner, within the lifting and carrying limitations, with customary work breaks. (A.R. 17). Additionally, the ALJ included typical seizure restrictions such as working at unprotected heights; exposure to dangerous/hazardous machinery/substances; or operating motor vehicles. *Id*. He found that these non-exertional limitations are consistent with the ability to perform work at the light level of exertion. *Id*. Further, the ALJ found Plaintiff not fully credible after considering her activities of daily living, medication, treatment history, work history, and weighing the opinion evidence. At step four, the ALJ found that Plaintiff has past relevant work as a project manager/office administrator, which the vocational expert classified as sedentary and specific vocational preparation ("SVP") of 7. (A.R. 20). Additionally, the ALJ found that Plaintiff is able to perform that work as it is actually and generally performed. (A.R. 21). Based on all these findings, the ALJ found that Plaintiff is not disabled and denied her application at step four of the disability evaluation process. The ALJ did not provide an alternative step five denial.

## DISCUSSION

**I.    Judicial Review Standard**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

---

[5] The Court notes that the ALJ indicated that Plaintiff can stand and/or walk for a total of 6 hours in an 8-hour work day and sit for about 6 hours in an 8-hour work day. This articulation exceeds the time allotted in an 8-hour work day. Accordingly, the Court assumes that the ALJ meant to assign Plaintiff a light RFC while providing her with the option of switching between standing and/or walking and sitting.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); see also *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); see also *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); see also *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); see also *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson,* 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); see also *Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**II.     Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the

4

individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[6] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination

---

[6] SSRs constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appedix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's RFC. 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence such as, all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20

C.F.R. § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### III. Analysis and Findings

Plaintiff seeks reversal and/or remand of the ALJ's decision on one ground; namely, the ALJ committed reversible error by finding that Plaintiff retains the mental capacity to perform past work without addressing lay witness evidence. Specifically, Plaintiff argues that the ALJ failed to properly consider statements submitted by Plaintiff's husband Harry W. Hughes III. Plaintiff contends that Mr. Hughes' lay witness evidence, in conjunction with the opinion of consultative examiner Robert W. Wildman II, Ph.D., supports her allegation that she does not have the mental capacity to perform work as a project manager/office administrator.

In contrast, the Commissioner alleges that the ALJ provided valid reasons for finding Plaintiff capable of performing light work without mental limitations. The Commissioner contends that the ALJ properly evaluated Dr. Wildman's opinion and reasonably concluded that Plaintiff did not suffer from severe mental impairments. The Commissioner argues that, pursuant to 20 C.F.R. § 404.1508 and 20 C.F.R. § 404.1527(a)(1), only established medical opinions must be taken into account when assessing mental limitations for the RFC finding. The Commissioner further asserts that Plaintiff does not dispute the ALJ's finding that Plaintiff lacked credibility. Finally, the Commissioner contends that the ALJ's reasons for rejecting Plaintiff's testimony apply with equal force to the lay witness evidence from her husband.

#### A. Lay Witness Evidence from Mr Hughes

Plaintiff alleges that the ALJ did not take into account the lay evidence consisting of function reports and seizure questionnaires from Plaintiff's husband, Mr. Hughes. (A.R. 143-151 and 179-187). She contends that this is reversible error because Mr. Hughes' statements regarding Plaintiff's difficulty with concentration, memory, and dealing with stress support assigning mental RFC limitations. In response, the Commissioner contends that the ALJ's failure to provide the specific reasons for discounting Mr. Hughes' lay witness evidence is harmless error because he is not an

7

acceptable medical source and the ALJ's reasons for finding Plaintiff not credible extend to him.

Lay evidence regarding an individual's impairments and how her impairments affect her ability to work "is competent evidence that an ALJ must take into account" when assessing credibility. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also* 20 C.F.R. § 404.1513(d)(4) & (e); SSRs 96-7p and 06-03p; *Nguyen v. Chater*, 100 F.3d 1462, 1467. Such evidence is relevant because lay witnesses, such as an individual's husband, observe that individual on a frequent basis and are able to make an independent observation of the individual's pain. *See Nguyen*, 100 F.3d at 1467. Accordingly, an ALJ may choose to disregard lay evidence, but must provide "reasons germane to each witness for doing so." *Lewis,* 236 F.3d at 511. The reasons "germane to each witness" must be specific. *Stout*, 454 F.3d at 1054.

Here, the ALJ neglected to specifically mention Mr. Hughes' function reports and seizure questionnaires in the decision despite entering them into evidence and noting them on the exhibit list. The Court's review of Mr. Hughes' statements indicate that they tend to support Plaintiff's testimony regarding her inability to attend to her personal care needs, limited participation in activities of daily living, and memory and concentration problems. (A.R. 30-49). Accordingly, the ALJ should have considered Mr. Hughes' statements in making the credibility finding because they lend support to Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms.

Nevertheless, the Ninth Circuit does not require the ALJ to discuss every lay witness' evidence on a individualized basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). The ALJ found Plaintiff's statements regarding the severity of her mental limitations to be not fully credible when considered along with her work history, activities of daily living, and objective medical evidence. For example, he noted that she participates in significant driving, left work due to an economic downturn rather than an impairment related reason, and received unemployment by asserting that she was able to work. Significantly, Mr. Hughes' lay witness evidence does not add any new information to Plaintiff's testimony and is inconsistent with the objective medical evidence. Mr. Hughes testified that he must constantly remind Plaintiff to do things, he has to help her with the housework, he has noticed a decrease in energy, loss of sleep, and loss of

focus. Plaintiff already testified at the ALJ hearing that her husband helps with the housework, she gets fatigued, she loses concentration, and is not sleeping properly. (A.R. 39-42). Accordingly, the Court finds that Mr. Hughes' statements would not be given enough weight to affect the step two, RFC, and credibility findings regarding Plaintiff's mental limitations.

### B. Weighing Dr. Wildman's Opinion

Plaintiff also argues that Dr. Wildman's report supports both Plaintiff's testimony and Mr. Hughes' statements that Plaintiff does not have the mental capacity to work as a project manager/office administrator. The Court is not persuaded by Plaintiff's interpretation of this report. Dr. Wildman examined Plaintiff on August 17, 2009 and reported that she has a mild memory deficit, was not in mental health treatment, and did not think it was appropriate for her. (A.R. 331-33). Dr. Wildman also observed that Plaintiff did not appear to have any gross disturbances in her affect or behavior. (A.R. 332). Most significantly, Dr. Wildman opined that she is only mildly impaired in her ability to maintain good interpersonal relationships and is mildly to moderately impaired in her ability to maintain concentration and attention. (A.R. 344-35). Notably, Dr. Wildman indicated that Plaintiff was likely to experience significant improvement if she were to cooperate and participate in mental health treatment. *Id.*

The ALJ afforded Dr. Wildman's opinion great weight and utilized it in support of his paragraph B findings to conclude that Plaintiff's mental impairments are non-severe. In addition, the ALJ afforded weight to the opinion of the state agency medical consultant who opined that Plaintiff's mental impairments were non-severe after considering the lay evidence from Mr. Hughes. (A.R. 336-352). Accordingly, the Court finds that the ALJ's conclusion that Plaintiff does not have more than a minimal limitation to her ability to perform basic mental work activities is supported by substantial evidence. Plaintiff's allegation of depression was found non-severe at the initial level, which was affirmed upon reconsideration. (A.R. 57 and 62). The ALJ considered mental impairments of hypoglycemia, depression, and personality disorder, singly and in combination, and found them to be non-severe with corresponding paragraph B criteria findings (A.R. 16). His finding is supported by the opinion of State agency medical consultant Pastora Roldan, Ph.D, (A.R. 349), and the opinion of consultative examiner Dr. Wildman. (A.R. 330-35). Additionally, the vocational expert opined that Plaintiff would be able to perform similar duties as a project manager/office administrator like she has

done for the majority of her career (42 years), until the economic downturn. Although Plaintiff alleges that she is unable to work due to mental limitations, the ALJ found that to be contradicted by the weight of the evidence. The Court finds that the ALJ's finding of non-severe mental impairments and no mental RFC limitations is supported by substantial evidence.

### C.    Harmless Error

Taking all the evidence into consideration, the Court finds that the ALJ's failure to provide specific reasons for refuting Mr. Hughes' statements is a harmless error. "An error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina*, 674 F.3d at 1115 (9th Cir. 2012) (internal quotations omitted). In other words, "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id*.

Given that Mr. Hughes' statements are favorable to Plaintiff and are classified as other evidence that is properly considered as part of the credibility assessment, the ALJ should have specifically addressed them. However, the Court is not convinced that this error has any impact on the ultimate decision of not disabled for three reasons. First, the ALJ provided clear and convincing reasons to find Plaintiff's allegations regarding the severity of her mental limitations to be not credible. Mr. Hughes statements' are substantially similar to Plaintiff's testimony and therefore could be refuted for the same reasons. Plaintiff contends that Mr. Hughes' observations exceed "more than a mere parroting" of Plaintiff's testimony. Pla.'s Mot. #16, 3. However, after thoroughly reviewing Plaintiff's testimony at the hearing and written statements along with Mr. Hughes' written statements, the Court is unable to find significant differences nor has Plaintiff pointed out significant differences.

Second, as discussed above, this is not a case where the lay witness evidence is unrebutted by anything in the record. Indeed, Mr. Hughes' statements are inconsistent with the state agency medical consultant's opinion that assesses Plaintiff with non-severe mental impairments and no mental RFC limitations. (A.R. 349). Third, Mr. Hughes' statements are not acceptable medical evidence to establish an impairment at step two. Although Plaintiff generally contends that her mental impairments should have been found severe at step two and been assigned mental limitations in the RFC, she does not provide objective medical evidence to support such contentions. Even fully crediting Mr. Hughes' evidence, the Court finds that it is not sufficient to affect the step two and RFC findings. Therefore,

the Court finds that neglecting to comment on Mr. Hughes' lay witness evidence is a harmless error.

## CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g). The Court concludes that the ALJ articulates his rationale for the non-severe mental impairments finding at step two, lack of mental RFC restrictions, and credibility finding sufficiently to satisfy the requisite legal standards. Accordingly, the ALJ's failure to specifically address the lay witness evidence is a harmless error that does not warrant correction upon remand or reversal.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal and/or Remand (#14) be **denied**.

**IT IS FURTHER RECOMMENDED** that Commissioner's Cross-Motion to Affirm (#15) be **granted**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 16th day of September, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**